Chief Judge Conway
(dissenting). The sole issue on the present appeal is whether decedent’s death arose out of and in the course of his employment. In resolving that issue we are bound to observe the legislative directive that “ the decision of the board shall be final as to all questions of fact * * * ” (Workmen’s Compensation Law, § 20). Here, the Workmen’s Compensation Board has found that “ the evidence in the record sustains a finding that decedent suffered an accident arising out of and in the course of his employment. While decedent may have deviated from his course to visit a relative, at the time of the accident he was returning to his home and was in the direct route home.” The Appellate Division has affirmed. Since I do not see how we may properly hold on the record before us that, as a matter of law, decedent was not engaged in the regular course of his employment at the time he met death, I write for affirmance of the order of the Appellate Division.
The employment in which decedent was engaged on behalf of his employer created the necessity for his travel from White Plains to Kingston and for his return from that point. Manifestly, the risk of travel to his home was a necessary counterpart and an incident of his employment and no one can gainsay that decedent’s death would have arisen out of the course of his employment had he left for home immediately after completing his work at the Kingston office and had been killed at that time. The problem in the present ease stems from the fact that the decedent deviated from his course. Nevertheless, unless it may be said, as a matter of law, that the deviation created the peril that resulted in decedent’s death, i.e., that but for the deviation the accident would not have occurred, the widow and minor children of the decedent are entitled to the death benefits awarded them by the Workmen’s Compensation Board. There is nothing in the record to suggest that the decedent was intoxicated at any time. What is more, before starting home decedent slept or rested and then stopped at a diner for food. Certainly reasonable men could conclude, under the circumstances of this *33 case, that the death of the decedent was not a consequence of the deviation and the Workmen’s Compensation Board and the Appellate Division have so concluded. That being so, the determination below must be affirmed.
The order of the Appellate Division should be affirmed, with costs.
Judges Desmond, Ftjld, Fboessel and Bubke concur with Judge Van Voobhis; Chief Judge Conway dissents in an opinion in which Judge Dye concurs.
Order of Appellate Division reversed, the award of the Workmen’s Compensation Board annulled, and the claim dismissed, without costs.